UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

WELLS FARGO BANK, NATIONAL :
ASSOCIATION, as the Trustee for the :
Registered Holders of LSTAR COMMERCIAL :
MORTGAGE TRUST 2011-1, COMMERCIAL : **MEMORANDUM AND ORDER**
MORTGAGE PASS-THROUGH : 12-cv-2433 (DLI) (JO)
CERTIFICATE, SERIES 2011-1, Acting :
Through Its Special Servicer, HUDSON :
AMERICAS, LLC, :
:
                     Plaintiff, :
:
                 -against- :
:
STELLA KOKOLIS, Individually and as :
Executrix of the ESTATE OF PETER :
KOKOLIS, SPYRO KOKOLIS and RONALD :
KOKOLIS, :
:
                     Defendants. :

------------------------------------------------------------ x

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Wells Fargo Bank, National Association, as the Trustee for the Registered Holders of LSTAR Commercial Mortgage Trust 2011-1, Commercial Mortgage Pass-Through Certificate, Series 2011-1, acting through its special servicer, Hudson Americas, LLC ("Plaintiff") brought this action against defendants Stella Kokolis, individually and as Executrix of the Estate of Peter Kokolis, Spyro Kokolis and Ronald Kokolis (collectively "Defendants"), seeking to enforce a guaranty entered into by Peter Kokolis ("Kokolis"), who has since passed away. Defendants moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that this action is barred by New York State law and, in the alternative, that this court should abstain from asserting jurisdiction over this action in favor of an action pending in Florida. Plaintiff opposed the motion. For the reasons set forth below, Defendants' motion is denied in its entirety.

## BACKGROUND

On June 16, 2006, Citibank F.S.B. lent Center Plaza, LLC ("Center Plaza") $1,085,000 ("Loan") pursuant to a promissory note ("Note"). (Compl., Dkt. Entry 1, at ¶ 9, Ex. A.) The Loan was secured by a mortgage on a commercial property in New Port Richey, Florida ("Florida Property") owned by Center Plaza. (*See id.* Ex. A.) On the same date, Kokolis executed a Loan and Continuing Guaranty agreement ("Guaranty") personally guaranteeing payments on the Loan. (*Id.* ¶¶ 10-14, Ex. B.) The Note and Guaranty subsequently were assigned to Plaintiff. (*Id.* ¶¶ 16-21.)

Kokolis died on November 18, 2006 and his estate was probated in New York State Surrogate's Court, Kings County. (*Id.* ¶ 3.) Under Kokolis' Last Will and Testament, Defendants received a total of approximately $11 million from Kokolis' estate. (*Id.* ¶¶ 27-28.)

On July 1, 2011, Center Plaza defaulted on the Loan and Plaintiff accelerated the payments due. (*Id.* ¶¶ 22-23.) As of February 21, 2012, the Loan's outstanding balance was approximately $1 million. (*Id.* ¶ 25.) On December 15, 2011, Plaintiff filed an action in Florida state court seeking to foreclose on the Florida Property and collect under the Guaranty, naming Center Plaza and Peter Kokolis as the defendants. (*See* Decl. of Yuval D. Bar-Kokhba, Dkt. Entry 6-1 ("Bar-Kokhba Decl."), Ex. 1.) The Florida Action was stayed on or about February 21, 2012, when Center Plaza filed a Chapter 11 Bankruptcy Proceeding in the United States District Court for the Middle District of Florida. (*See id.* Ex. 2; Mem. of Law in Supp. of Defs.' Mot. to Dismiss the Compl., Dkt. Entry 6-8 ("Defs.' Mem."), at 2; Pl.'s Mem. of Law in Opp'n to Defs.' Mot. to Dismiss the Compl., Dkt. Entry 6-10 ("Pl.'s Opp'n"), at 14.) The bankruptcy petition was dismissed on August 16, 2012 and the stay in the Florida Action was lifted. (*See* Pl.'s Opp'n 14.)

At oral argument for the instant motion, the parties informed the court that summary judgment had been granted in favor of Plaintiff in the Florida Action. The foreclosure sale of the Florida Property is currently set for April 7, 2013. The parties also informed the court that Plaintiff voluntarily dismissed the claims against Kokolis in the Florida Action.

On May 15, 2012, Plaintiff brought the instant action alleging that Defendants are liable for the outstanding balance on the Loan pursuant to the Guaranty. (Compl. ¶ 35.) In lieu of answering the complaint, Defendants moved to dismiss, asserting that this action is barred under New York law because Plaintiff first must foreclose on the Florida Property before trying to collect any money owed under the Guaranty. (*See* Defs.' Mem. 4-6.) Defendants also assert that, in the alternative, the court should abstain from exercising jurisdiction over this action in favor of the Florida Action. (*See id.* 7-9.) Plaintiff opposed the motion, contending that it did not have to foreclose on the Florida Property before bringing this action because Defendants do not own the Florida Property and that abstention is not warranted. (*See* Pl.'s Opp'n 7-15.)

**LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6). To determine whether dismissal is appropriate, "a court must accept as true all [factual] allegations contained in a complaint" but need not accept "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id.* Moreover, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Id.* at 679. (internal alteration and quotation marks omitted).

Generally, consideration of a Rule 12(b)(6) motion to dismiss is limited to the complaint itself. *Faulkner v. Beer*, 463 F. 3d 130, 134 (2d Cir. 2006). However, "[c]onsideration of materials outside the complaint is not entirely foreclosed." *Id.* A court may consider statements and documents "incorporated in [the complaint] by reference," *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F. 2d 42, 47 (2d Cir. 1991), as well as documents "integral" to the complaint, without converting a motion to dismiss into one for summary judgment. *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F. 3d 69, 72 (2d Cir. 1995); *accord Broder v. Cablevision Sys. Corp.*, 418 F. 3d 187, 196 (2d Cir. 2005) (where a complaint relies on the terms of a contract, the court may look to the agreement itself on a motion to dismiss).

## DISCUSSION

### I. Motion to Dismiss Under New York State Law

#### A. New York Estates, Powers and Trusts Law

Defendants contend that, pursuant to New York Estates, Powers and Trusts Law §§ 12-1.1 and 3-3.6, Plaintiff first must foreclose on the Florida Property before bringing a deficiency action against Defendants. (Defs.' Mem. 4-6.)[1] According to Defendants, because Plaintiff has not foreclosed on the Florida Property yet, this action must be dismissed. (*Id.*) Plaintiff counters that these provisions do not apply here because Defendants do not own the Florida Property and

---

[1] The parties agree that New York Estates, Powers and Trusts Law applies to the question as to whether Plaintiff can recover any money it is owed under the Guaranty from Kokolis' assets that passed through his estate. (Defs.' Mem. 4-5; Pl.'s Opp'n 6-7.) However, the Note and Guaranty have a Florida choice of law provision and, therefore, whether there has been a breach of the Note and Plaintiff is owed money under the Guaranty appears to be governed by Florida law. (*See* Compl. Ex. A at 4, Ex. B at 8.)

4

the terms of the Guaranty provide that Plaintiff can bring a separate action to collect on the Guaranty without foreclosing on the property. (Pl.'s Opp'n 7-11.)

Ordinarily, under New York law "distributees and testamentary beneficiaries are liable, in an action, to the extent of the value of any property received by them as such, for the debts . . . of a decedent." N.Y. Est. Powers & Trusts Law § 12-1.1(a). However, testamentary beneficiaries are not liable "[u]nless plaintiff establishes satisfactorily to the court that he cannot fully satisfy his claim . . . (3) By the enforcement, under 3-3.6, of any lien, security interest or other charge he holds against property of the decedent *specifically disposed of by will or passing to a distributee.*" *Id.* § 12-1.1(b) (emphasis added).

Section 3-3.6(a) of the New York Estates, Powers and Trusts Law provides:

> Where any property, subject, at the time of decedent's death, to any lien, security interest or other charge, including a lien for unpaid purchase money, *is specifically disposed of by will or passes to a distributee* . . ., the personal representative is not responsible for the satisfaction of such encumbrance out of the property of the decedent's estate.

*Id.* § 3-3.6(a) (emphasis added). Thus, the statute's plain language shows that the requirement that a plaintiff must attempt to satisfy any mortgages by first foreclosing on the property "only applies when the collateral was owned by the decedent, and thus passes through his or her estate." *Bank of N.Y. v. Spring Glen Assocs.*, 222 A.D.2d 992, 994 (3d Dep't 1995).[2]

Here, Plaintiff alleges that Center Plaza owns the Florida Property and that it never was owned by Kokolis or passed through his estate. The complaint and the documents incorporated therein indicate that Kokolis personally guaranteed the Loan separate and apart from the security

---

[2] The New York State Court of Appeals' decision in *Jemzura v Jemzura*, 36 N.Y.2d 496 (1975), cited by Defendants, is not to the contrary. In *Jemzura*, unlike in *Bank of New York* and in the instant case, the property at issue passed through the estate and the lender was attempting to collect on the loan, rather than a guaranty. *See id.* at 498-500.

5

interest in the Florida Property, as additional security for the Loan. Kokolis agreed in the Guaranty that "[t]he obligations of [Kokolis] hereunder are independent of and in addition to the obligations of [Center Plaza], and a separate action or actions may be brought and prosecuted against [Kokolis], whether or not action is brought against [Center Plaza] or whether or not [Center Plaza] be joined in any such action or actions." (Compl. Ex. B, ¶ 3(b).)[3] In other words, based upon the complaint and the documents it incorporates, it appears that the Loan is secured by both the Florida Property and the Guaranty, and Plaintiff can look to either source separately in order to collect the money it is owed under the Loan.

Defendants' assertion that Kokolis was the sole owner of Center Plaza and his ownership interest of Center Plaza passed through the estate, even if such a factual argument was proper on a motion to dismiss, misses the mark. Plaintiff is attempting to enforce a lien on the Florida Property, not a lien on Kokolis' ownership interest in Center Plaza. These are legally distinct assets. If they were not separate and the Florida Property was effectively owned by Kokolis and passed through his estate, then his estate would be liable for all of Center Plaza's debts and obligations as well, something Defendants do not contend.

Accordingly, New York Estates, Powers and Trusts Law §§ 12-1.1 and 3-3.6 do not bar this action and Plaintiff need not show that it has foreclosed on the Florida Property and could not satisfy the Loan through the foreclosure before bringing an action against Defendants to collect on the Guaranty.

### B. New York Real Property and Proceedings Law

In their reply memorandum of law, Defendants assert for the first time that New York

---

[3] Therefore, Defendants' attempt to distinguish *Bank of New York* is baseless because, in that case, the guaranty explicitly provided that the lender was not required to collect on the collateral before collecting the debt from the guarantor. (*See* Reply Mem. of Law in Further Supp. of Defs.' Mot. to Dismiss, Dkt. Entry 6-11 ("Defs.' Reply"), at 3-4.)

State Real Property and Proceedings Law ("RPAPL") also precludes Plaintiff from bringing this action until it has foreclosed on the Florida Property. (*See* Defs.' Reply 2-3.) It is axiomatic that "'new arguments may not be made in a reply brief,' and this Court cannot rely on such arguments to dismiss" the complaint. *Bayer Schera Pharma AG v. Sandoz, Inc.*, 2010 WL 1222012, at *6 n.11 (S.D.N.Y. Mar. 29, 2010) (citation omitted) (quoting *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F. 3d 110, 112 (2d Cir. 1999)). For this reason alone, Defendants' assertion that the complaint should be dismissed pursuant to the RPAPL is rejected.

Notwithstanding the inappropriateness of Defendants' belated argument, the RPAPL does not apply here. Under the RPAPL, where a debt is secured by both a property owned by a corporate debtor and an individual guarantor, "the failure to obtain a deficiency judgment after the sale of the corporate debtor's property in a foreclosure action in which the guarantor is a party defendant bars further action to foreclose the guarantor's mortgage or on the guarantee." *Sanders v. Palmer*, 68 N.Y.2d 180, 181-82 (1986) (citing N.Y. Real Prop. Acts. § 1371). Even assuming, *arguendo*, that this provision could be used to grant a Rule 12(b)(6) motion, particularly here where the mortgaged property has not yet been sold in the Florida Action, this provision of New York State law does not apply because the property is located in Florida. *See Chem. Bank v. Dana*, 4 F. App'x. 1, 4 (2d Cir. 2001). It is "well settled" that an action on a guaranty is not barred by the RPAPL due a pending foreclosure action in another state, where the property is not located in New York. *SPCP Grp., LLC v. Russell*, 2010 WL 3958641, at *3-4 (S.D.N.Y. Sept. 29, 2010); *see also Chase Manhattan Bank, N.A. v. Reale*, 1992 WL 297576, at *4 (S.D.N.Y. Oct. 7, 1992) ("Nor is this a case where an election of remedies is required as Defendants suggest. . . . It is well settled . . . that such an election need not be made where the property at issue is located without the state."); *Wells Fargo Bank Minn., N.A. v. Cohn*, 4 A.D.3d

7

189, 189 (1st Dep't 2004) (The RPAPL's provision against multiple suits "does not apply where, as here, the property securing the loan is located outside of New York State."); *F.D.I.C. v. De Cresenzo*, 207 A.D.2d 823, 824 (2d Dep't 1994) (RPAPL's election of remedies provision "has no application to property located outside New York State.").

Therefore, even if the court countenanced new arguments raised in a reply memorandum of law, this action is not barred by the RPAPL.

## II. Motion to Abstain

Defendants contend that, if the court does not dismiss the action on New York State law grounds, the court should abstain from exercising jurisdiction over this action pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), because, in December 2011, Plaintiff brought the Florida Action seeking to foreclose on the Florida Property and collect on the Guaranty. (Defs.' Mem. 7-9.) Defendants assert that Plaintiff's rights are protected adequately in the Florida Action and, if both actions proceed, Plaintiff stands to recover both the Florida Property and the entire amount of the Loan from Defendants. (*Id.* at 9.) Plaintiff responds that abstention is not appropriate because, *inter alia*, New York has the most connection to the dispute and provides the more convenient forum; there is no danger of piecemeal litigation; and Plaintiff's rights will not be protected fully in the Florida Action because there is no personal jurisdiction over Defendants in Florida. (*See* Pl.'s Opp'n 11-15.)

Under *Colorado River*, "although a pending action in a state court does not generally bar proceedings involving the same matter in a federal court, a federal court may dismiss a federal suit for 'reasons of wise judicial administration' where there are 'exceptional' circumstances." *Vill. of Westfield v. Welch's*, 170 F. 3d 116, 120 (2d Cir. 1999) (quoting *Colorado River*, 424 U.S. at 818). The Supreme Court has emphasized that abstention "is an extraordinary and

8

narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Colorado River*, 424 U.S. at 813. Similarly, the Second Circuit recently reiterated that "abstention is generally disfavored, and federal courts have a 'virtually unflagging obligation' to exercise their jurisdiction." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F. 3d 84, 100 (2d Cir. 2012) (quoting *Colorado River*, 424 U.S. at 817).

As a threshold matter, "a finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*." *Dittmer v. Cnty. of Suffolk*, 146 F. 3d 113, 118 (2d Cir. 1998); *see also Dalzell Mgmt. Co. v. Bardonia Plaza, LLC*, 2013 WL 592672, at *4 (S.D.N.Y. Feb. 15, 2013) ("Before engaging in the six-factor analysis, a court must make a threshold determination that the federal and state court cases are 'parallel.'"). "Federal and state proceedings are 'concurrent' or 'parallel' for purposes of abstention when the two proceedings are essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Karp*, 108 F. 3d 17, 22 (2d Cir. 1997). The Florida Action and the instant action are not parallel. While the Florida Action could affect the amount of damages available in this action, it involves a different instrument and different parties and, therefore, different issues and relief. The instant action is brought to enforce Plaintiff's rights under the Guaranty. The Florida Action seeks to enforce a mortgage on a piece of real property. Moreover, Defendants are not parties to the Florida Action and Center Plaza is not a party to this action. For this reason alone, abstention is inappropriate.

Even if the actions were parallel, the court would not abstain. When there are parallel state and federal actions, "a district court is required to weigh six factors, 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Vill. of Westfield*, 170 F. 3d at 121 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)). The six

9

factors are:

> (1) the assumption of jurisdiction by either court over any res or property;
> (2) the inconvenience of the federal forum;
> (3) the avoidance of piecemeal litigation;
> (4) the order in which jurisdiction was obtained;
> (5) whether state or federal law supplies the rule of decision; and
> (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.

*Id.* The court discusses each factor in turn.

### A. Jurisdiction over Res or Property

Defendants describe the res of this dispute as the Florida Property because it provided the security for the Loan. However, this action is not an in rem proceeding involving jurisdiction over the Florida Property, which weighs against abstention. *See Mosley v. Baker*, 2011 WL 2693513, at *4 (S.D.N.Y. June 30, 2011) ("This action is not in rem and does not involve jurisdiction over property. The 'absence of a res points toward exercise of federal jurisdiction.'" (quoting *Vill. of Westfield*, 170 F. 3d at 122)). The Florida Property is not directly at issue in the instant case. As discussed previously, Plaintiff here seeks to collect the outstanding balance of the Loan under the Guaranty, not the mortgage of the Florida Property. *See Chase Manhattan Bank, N.A.*, 1992 WL 297576, at *3 (Abstention not warranted where pending state court mortgage foreclosure litigation does not seek payment on guaranty at issue in the federal litigation.). Accordingly, this factor weighs against abstention.

### B. Inconvenience of the Federal Forum

There is no inconvenience litigating in this forum as opposed to Florida. Defendants all reside in New York. (Compl. ¶¶ 3-6; Defs.' Mem. 5.) Notably, Defendants conceded at oral argument that the Florida state court lacks personal jurisdiction over them. Plaintiff is a national bank that affirmatively chose this this forum. (Compl. ¶ 1; Pl.'s Opp'n 13.) Thus, this factor

weighs against abstention. *See Vill. of Westfield*, 170 F. 3d at 122 ("[W]here the federal court is 'just as convenient' as the state court, that factor favors retention of the case in federal court."); *Bank of Am. v. Sharim, Inc.*, 2010 WL 5072118, at *4 (S.D.N.Y. Dec. 13, 2010) ("There is no inconvenience. Due to the presumption against abstention, this factor weighs in favor of denying the stay.").

### C. Avoidance of Piecemeal Litigation

The Second Circuit has explained that "the primary context in which we have affirmed *Colorado River* abstention in order to avoid piecemeal adjudication has involved lawsuits that posed a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel." *Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F. 3d 517, 525 (2d Cir. 2001). However, "mere potential for conflict in the results of adjudications, does not, without more, warrant staying exercise of federal jurisdiction." *Colorado River*, 424 U.S. at 816.

Defendants warn that there is a danger that Plaintiff could receive a windfall by collecting the proceeds of the sale of the Florida Property in the Florida Action and fully under the Guaranty in this action, which likely would amount to more than the balance of the Loan. (*See* Defs.' Mem. 9.) However, permitting Plaintiff to proceed in this action does not mean that it is entitled to a windfall. If the Florida Action concludes before this action, this court can use any proceeds Plaintiff obtains in the Florida Action as an offset against any money Plaintiff is owed under the Guaranty. If this action concludes before the Florida Action, the Florida court presumably can do the same. Indeed, Plaintiff acknowledged during oral argument that the amount it is seeking in this action pursuant to the Guaranty would be reduced by its recovery in the Florida Action.

Accordingly, any risk of piecemeal litigation weighs little, if at all, in favor of abstention.

### D. The Order in Which Jurisdiction Was Obtained

Jurisdiction was obtained first in Florida. The Florida Action was commenced on December 14, 2011, approximately five months before this action. (Bar-Kokhba Decl. Ex. 1.) However, "[t]his factor does not turn exclusively on the sequence in which the cases were filed, 'but rather in terms of how much progress has been made in the two actions.'" *Vill. of Westfield*, 170 F. 3d at 122 (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21.). The parties indicated that summary judgment has been granted in favor Plaintiff in the Florida Action and the foreclosure sale is scheduled for April 7, 2013. Thus, the Florida Action has proceeded farther than this action, weighing in favor of abstention. The Florida Property is scheduled to be sold in the near future and, in all likelihood, before liability and damages are adjudicated in this action. Once the Florida Property is sold, if Defendants owe Plaintiff money under the Guaranty, the court and the parties likely will have a clearer picture of appropriate damages in this action and will be in a better position to avoid any double recovery.

### E. Whether State or Federal Law Supplies the Rule of Decision.

The issues in this matter are governed by state law. The Loan and Guaranty documents are governed by Florida law. (*See* Compl. Ex. A at 4, Ex. B. at 8.) The parties agree that issues relating to Plaintiff's ability to collect money that passed through Kokolis' estate are governed by New York law. (Defs.' Mem. 4-5; Pl.'s Opp'n 6-7.) However, "the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex." *Vill. of Westfield*, 170 F. 3d at 124. Defendants have not contended that the state law issues are particularly novel or complex. It appears that the Florida law issues will govern fairly typical loan and guaranty terms. The knottier issues are likely to arise from New York State trust and estate law, which this court is in at least as good of a position to handle as the Florida court.

12

Accordingly, the absence of a federal issue weighs only slightly in favor of abstention.

F.  Adequately Protecting Plaintiff's Rights

In analyzing the sixth factor, "federal courts are to determine whether the 'parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'" *Id.* (quoting *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28). "If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 28.

This factor weighs heavily against abstention because there is at least substantial doubt that the Florida Action will resolve the overall dispute. The court cannot determine at this stage in the proceeding that the foreclosure and sale of the Florida Property definitely will satisfy the entire Loan. There also has been no assertion that Center Plaza could satisfy a deficiency judgment in the Florida Action. Defendants are not parties to the Florida Action and there are no outstanding claims there seeking to collect under the Guaranty.

Defendants have suggested that Plaintiff has created a situation where it cannot obtain complete relief in the Florida Action by not naming Kokolis' estate as a party there. Yet, there is nothing untoward about not adding a claim against Kokolis' estate in Florida. As discussed *supra* § I.A, the Guaranty expressly permits Plaintiff to bring a separate action against Center Plaza to collect the balance of the Loan. (*See* Compl. Ex. B, ¶ 3(b).) In addition, the parties agree that Defendants (except for, perhaps, the estate) are not subject to personal jurisdiction in Florida. Accordingly, even if the estate was brought into the Florida Action, Plaintiff still would not be able to recover assets that have been distributed from the estate to satisfy the Loan, leaving some or all of Defendants free from any obligations they have under the Guaranty and Plaintiff without an adequate remedy. *See DDR Const. Servs., Inc. v. Siemens Indus., Inc.*, 770

F. Supp. 2d 627, 645 (S.D.N.Y. 2011) ("Though abstention does not require that the parties in the relevant suits be identical, when dismissal of the federal proceeding would leave a defendant free from any proceeding on issues in question, abstention is unwarranted."). This cuts strongly against abstention.

      **G.     Balancing the Factors**

In sum, at most, the risk of piecemeal litigation, lack of a federal issue, and order of jurisdiction weigh slightly, if at all, in favor of abstention. The jurisdiction over a res, convenience of the federal forum and adequate protection of Plaintiff's rights weigh against abstention. While there are three factors on each side of the ledger, the court finds that the factors weighing against abstention are far more substantial. It would be particularly imprudent to abstain here because Plaintiff potentially would be deprived of the benefit of its bargain in obtaining the Guaranty for additional security for the Loan. Moreover, the three factors that weigh in favor of abstention do so only slightly, at most, and do not amount to the type of exceptional circumstances necessary for this court to relinquish its virtually unflagging obligation to exercise its jurisdiction. Thus, Plaintiff's motion to abstain is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to dismiss or abstain is denied in its entirety.

SO ORDERED.

Dated:  Brooklyn, New York
       March 1, 2012

                                                _____/s/_____
                                                  DORA L. IRIZARRY
                                        United States District Judge